IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALLAN ROBINSON,

    **Petitioner,**

             **v.**                    **Civil No.** 22-1299 (FAB)

JUAN GALGUERA, and
JOEL NAZARIO-VELÁZQUEZ,

    **Respondents.**

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

**I.   BACKGROUND**

Pending before the Court is Mr. Juan Galguera's ("Mr. Galguera") Motion to Quash ("Motion"). (Docket No. 7.) The motion is **GRANTED,** and the state court order or subpoena is **QUASHED.**

Mr. Galguera is a Case Manager with the United States Department of Veterans Affairs ("VA") based in Guaynabo, Puerto Rico. He is assigned to Petitioner Allan Robinson pursuant to the VA's Fiduciary Program. Mr. Galguera is a VA employee. (Docket No. 7 at 1-2 and Docket No. 1 at 2.)

On May 2022, Mr. Robinson filed a petition for a protective order against Mr. Galguera and the Petitioner's VA-appointed fiduciary, Mr. Joel Nazario. The Petition was filed before the First Instance Court of the Commonwealth of Puerto Rico, Municipal

Court of San Juan ("the State Court"); the assigned case number was SJL1212022-2237.  (Docket No. 7 at 1.)

In his Petition, Mr. Robinson makes allegations against Mr. Galguera and the VA Fiduciary, and seeks diverse remedies, including pursuing removal from their positions, and/or that Petitioner regain the control of, or access to, his VA benefits or monies.  (Docket No. 7 at 2.)

The State Court issued an order to Mr. Galguera on May 26, 2022.  He was ordered to appear on June 28, 2022, at 9:00 a.m. to deliver a report to the State Court, and to provide testimony related to Mr. Robinson's Petition.  (Docket No. 7 at 2.) Undoubtedly, the testimony and records relate to Mr. Juan Galguera's official duties within the VA.

On June 22, 2022, the VA removed the proceedings concerning the subpoena to this court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1442(d).  (Docket No. 1.)  Mr. Galguera now requests that this Court issues an order quashing the State Court order or subpoena on two grounds.  (Docket No. 7 at 2-3.)

The first ground is that the State Court lacks subject matter jurisdiction to invalidate or modify the appointment of the VA's designated fiduciary, or to make the Petitioner's VA benefits available to him or to any other person the State Court may designate.  The second ground is that, even assuming the State

Court had jurisdiction, the VA has not authorized Mr. Galguera to testify concerning his VA duties; without that permission, he is prohibited by law from complying with the subpoena.  (Docket No. 7 at 3-8).

## II.  DISCUSSION

**A.**  Congress has given the VA Secretary the authority to appoint a fiduciary to receive and disburse a beneficiary's VA benefits.  Evans v. Greenfield Banking Co., 774 F.3d 1117, 1120 (7th Cir. 2014) citing 38 U.S.C. § 5502(a)(1) and 38 C.F.R. Part 13.  The federal regulations authorize the agency to appoint the person or entity best suited to receive benefits in a fiduciary capacity for a beneficiary who is incompetent or under legal disability by reason of minority or court action, and beneficiary's dependents.  Evans, 774 F.3d at 1120, and 38 C.F.R. § 13.55(a). The VA Secretary's appointment decision falls under 38 U.S.C. § 511 and can be appealed to the Board of Veterans Appeals.  Id. at 1121.

The VA Secretary also has congressional authority to supervise the fiduciaries.  Evans, 774 F.3d at 1120, citing 38 U.S.C. § 5502(b).  If the VA Secretary estimates it necessary to protect the beneficiary's interests, the VA Secretary may require a fiduciary to provide an accounting, or may even terminate the appointment of a fiduciary and appoint a successor fiduciary.  Id. at 1121 and 38 C.F.R. § 13.100(a)(2).  The authority also comprises

Civil No. 22-1299 (FAB)                                                4

the ability to investigate claims of malfeasance and to take suitable action.  <u>Id.</u>

The administrative determinations concerning the naming and supervision of a fiduciary are reviewable exclusively by the United States Court of Appeals for Veterans Claims, and afterwards by the United States Court of Appeals for the Federal Circuit. <u>Evans</u>, 774 F.3d at 1121.  <u>See also</u> <u>Rivera Santos v. Sec'y of United States Dep't of Veterans Affs.</u>, 2017 WL 3498655 (D.P.R. 2017) (ADC), and <u>Rosario-González v. United States</u>, 544 Fed. Appx. 5, 6 (1st Cir. 2013).

In this matter, the Petitioner fundamentally questions in the State Court the VA Secretary's decision concerning Petitioner's ability to manage or handle his VA benefits, complains about the designated fiduciary, and requests direct access to his VA benefits.  <u>See</u> Petition, Docket No. 1-1, at pages 2-3, with the appropriate translations at Docket No. 6.  The requested remedies move the State Court to remove the fiduciary, and to have Petitioner's VA benefits delivered to another person or to himself.

As explained above, the State Court lacks subject matter jurisdiction to entertain those allegations and to provide the requested remedies.  Petitioner's contentions, pursuant to federal law and regulations, must be exclusively pursued within the federal agency and, if Petitioner is ultimately unsuccessful, by seeking

judicial review in the United States Court of Appeals for Veterans Claims and later in the United States Court of Appeals for the Federal Circuit.

Mr. Galguera informed this Court that Petitioner filed in April 2022 the relevant documents within the VA to challenge the agency's incompetency finding. Later, in June 2022, the VA's Veterans Benefits Administration, Regional Office, after considering the evidence, including an examination of Petitioner by a physician, determined to confirm its original incompetency finding. (Docket No. 7 at 4.) If Petitioner disagrees with that administrative decision, he must complete the administrative process, and, if necessary, seek judicial review in the relevant federal courts, not in the State Court.

In sum, the claims Petitioner is pursuing in the State Court would encroach upon the VA's Secretary authority to designate, supervise and, if necessary, remove Petitioner's federal fiduciary. It also represents a collateral attack on the agency's competency decisions concerning the Petitioner. As indicated above, the State Court lacks jurisdiction because the review of this type of administrative determination can only be pursued via the procedures set up by the Congress, which do not allow review by a state court or even a federal court in this

circuit.  Evans, 774 F.3d at 1122.  Hence, the Motion to Quash
should be granted.

**B.**  The relevant VA regulations prohibit its employees from
testifying or otherwise disclosing information without the
approval of the VA's Office of General Counsel ("OGC").  See
5 U.S.C. § 301; 38 C.F.R. §§ 14.800–14.810.  Section 301
authorizes every agency to "prescribe regulations for the
government of its department, the conduct of its employees, the
distribution and performance of its business, and the custody,
use, and preservation of its records, papers, and property."  See
also United States ex rel Touhy v. Ragen, 340 U.S. 462, 468 (1951)
(recognizing the authority of a federal agency to restrict the
testimony of its employees).

The VA, pursuant to 5 U.S.C. § 301, enacted regulations
that dictate the circumstances under which VA personnel may provide
testimony or produce records pursuant to a third-party subpoena.
See 38 C.F.R. §§ 14.800, et seq.  The party seeking the testimony
or records must initially provide the VA with a written request.
Id. § 14.805.  Then, "the General Counsel, the Regional Counsel,
an attorney in the [OGC] designated by the General Counsel, or an
attorney in the Regional Counsel office designated by the Regional
Counsel" must authorize the VA personnel to provide the sought-
after testimony or records.  Id. at § 14.807.  The regulations

provide a host of factors that the VA official must consider in making this determination.  Id. at § 14.804.  Further, they explicitly warn that "VA personnel shall not, in response to a request or demand for testimony or production of records in legal proceedings, comment or testify or produce records without the prior written approval of the responsible VA official designated in § 14.807(b)."  Id. at § 14.806.

The regulations have the force and effect of law, and the instructions issued pursuant to them are binding on the employee.  See McIvenny-Robinson v. Joel Nazario, 2022 WL 845578 (D.P.R. Mar. 22, 2022) (quashing a similar subpoena recently sought by the Petitioner against the same VA employee); See also Johnson v. ThyssenKrupp Elevator Corp., 2019 WL 4933633 (E.D.N.Y. 2019) (quashing a subpoena issued to a VA employee because the VA regulations were not followed; the federal court could not enforce the subpoena because a federal court on removal cannot enforce a subpoena when the state court lacked jurisdiction to do so); Commonwealth of Puerto Rico v. United States, 490 F.3d 50, 61 (1st Cir. 2007), and Torres-Estrada v. García-García, 99 F.Supp.3d 232, 234-237 (D.P.R. 2015).

In this case, the VA has not given permission to Mr. Galguera to comply with the demand for official testimony or evidence related to his duties.  The applicable law prohibits him

Civil No. 22-1299 (FAB)                                                        8

from complying with the terms of the subpoena except and until the
VA's OGC authorizes him to do so.   Accordingly, Mr. Galguera's
Motion to Quash is **GRANTED**.

## IV.  Conclusion

For the reasons set forth above, Mr. Galguera's Motion to
Quash (Docket No. 7) is **GRANTED**.   This case is **DISMISSED with
prejudice.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 4, 2023.


                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              SENIOR UNITED STATES DISTRICT JUDGE